■ In the Matter of the Probate of the Will of Paul Holly, Deceased. Paul Carlsson, Respondent; Jan Holly, Appellant.

Appeal from a decree of the New York County Surrogate's Court, entered March 13, 1961 admitting to probate the last will and testament of Paul Holly, deceased, upon a directed verdict at a trial.

Memorandum by the Court. Decree of the Surrogate's Court, New York County, admitting decedent's will to probate, affirmed, with costs to the respondent. The instrument offered for probate was executed November 23, 1959. The testator, a widower, died January 17, 1960, at Bellevue Hospital. The estate, amounting to approximately $23,000, was left to a nephew by marriage and that nephew's wife, except for a bequest of $2,000 to decedent's stepson. Objections were filed on behalf of decedent's brother who resides in Czechoslovakia. A trial was had of the issues of fact, at the conclusion of which the Surrogate directed a verdict in favor of the proponent, holding that the requisite formalities had been complied with in the execution of the will, the testator had testamentary capacity, and that there was no sufficient evidence of fraud or undue influence requiring the submission of the issue to the jury. On appeal, objectant urges the credibility of a subscribing witness was put in issue and this raised a question of fact to be determined by the jury. Moreover, there was a question of fact whether the testator had a sufficient understanding of the English language to understand the nature, substance and effect of the instrument executed. However, the question of the credibility of the witness referred to did not arise in connection with the execution of the will, but of a separate instrument. And the testimony established that decedent chose to speak in the Slovak language rather than that he did not understand the English language. There was testimony that the lawyer who supervised the execution of the will conferred with decedent in the English language. There is no contention here that decedent lacked testamentary capacity. " A mere showing of opportunity and even of a motive to exercise

undue influence does not justify a submission of that issue to the jury, unless there is in addition evidence that such influence was actually utilized. (*Cudney* v. *Cudney*, 68 N. Y. 148, 152; *Matter of Reid*, 298 N. Y. 878.) " (*Matter of Walther*, 6 N Y 2d 49, 55.) At most, there was a showing of motive and opportunity, but no showing of such "moral coercion, which restrained independent action and destroyed free action" as to require submission to the jury. (*Matter of Walther, supra*, p. 53.)

STEUER, J. (dissenting). We believe that the facts established by the objectant were sufficient to go to the jury on two issues and hence it was error to direct a verdict admitting the will to probate. On the question of whether the testator understood the document to be his will, the proof was that the testator was born in Slovakia, came to this country in his maturity and spoke the Slovak language. There was testimony from reputable, disinterested witnesses that he spoke exclusively in that tongue at his work, in his home and in his church. His reading matter consisted of newspapers and magazines in that language. The learned Surrogate ruled that these witnesses failed to show he could not speak English. It is obviously impossible to prove a negative. The exclusive use of his native language, with the only proof to the contrary coming from sources interested in establishing the contrary, raises an issue.

On the issue of undue influence, it was shown that the will was made when the testator was in a nursing home as the result of a paralytic stroke. His wife was hospitalized with a terminal illness. The will makes no provision for the natural objects of his bounty (after his wife). The legatees had, in some unexplained manner, gotten control of his bank account through a power of attorney, and when he became acutely ill of the pneumonia from which he died, they failed to provide funds for private hospital care so that he had to become a patient in a public ward of a city hospital. The distress this caused the aged and feeble testator and his inability to understand why he should be so humiliated when he had funds to take care of himself, indicate that the control of his assets exercised by the legatees was obtained without his consent. The same would apply to his testamentary dispositions. At the very least, the testimony raises an issue to that effect.

The directed verdict should be set aside and a new trial ordered.

Valente, J. P., Stevens and Bastow, JJ., concur in Memorandum; Steuer, J., dissents in opinion in which McNally, J., concurs.

Decree of the Surrogate's Court, New York County, admitting decedent's will to probate, affirmed, with costs to the respondent.